**UNITED STATES of America,**
**Plaintiff–Appellant,**

**v.**

**Rumaldo SOLIS, Defendant–Appellee.**

**No. 97–20273.**

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1998.

---

282

James Lee Turner, Paula Camille Offen-
hauser, Asst. U.S. Atty., Houston, TX, for
Plaintiff–Appellant.

Jerome Godinich, Jr., Rosa Alexander El-
iades, Houston, TX, for Defendant–Appellee.

Before SMITH, DUHÉ and WIENER,
Circuit Judges.

DUHÉ, Circuit Judge:

## BACKGROUND

The United States ("Government") appeals
the district court's decision to depart down-
ward five levels based on the defendant's
assistance to the prosecution and to sentence
Rumaldo Solis ("Solis") at offense level 32.
The Government contends that Solis should
have been sentenced at offense level 35.

Solis is a former Immigration and Natural-
ization Inspector who was involved in a ma-
jor drug conspiracy through which cocaine
and marijuana were imported into the United

States. Solis provided drug traffickers with information on law enforcement activities and also served as a narcotics broker. He pleaded guilty pursuant to a plea agreement which provided that the Government would move for a downward departure under U.S.S.G. § 5K1.1 if it determined that he provided substantial assistance.

Prior to sentencing, the Government indicated that it would not move for a downward departure. Solis moved for a safety valve adjustment under U.S.S.G. § 5C1.2. Despite the Government's refusal to make a § 5K1.1 motion, the district court granted Solis a five-level downward departure. In granting the adjustment, the court stated that although it did not know what questions were asked or what information was sought from Solis, it appeared from the affidavit submitted in support of his motion that discussions occurred in many areas relevant to the investigation, sufficient to establish substantial assistance.

The Government unsuccessfully objected to the court's application of § 5C1.2, arguing that it did not allow the court to depart from the Sentencing Guidelines ("Guidelines"). Contending that the district court should have granted only a two-level reduction under U.S.S.G. § 2D1.1(b)(6), the Government appeals.

## DISCUSSION

■ We review a district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*. *United States v. Stevenson*, 126 F.3d 662, 664 (5th Cir.1997). Downward departures under U.S.S.G. § 5K2.0 are reviewed for abuse of discretion. *See United States v. Luqman*, 130 F.3d 113, 115 (5th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1855, 140 L.Ed.2d 1103 (1998)(citing *Koon v. United States*, 518 U.S. 81, 98–100, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996)). § 5K2.0 allows courts to depart from the applicable Guideline range under certain circumstances. A sentence will be upheld on review unless it was "imposed in violation of law; imposed as a result of incorrect application of the sen-

tencing guidelines; or outside the range of the applicable sentencing guideline and is unreasonable." *United States v. Garcia*, 962 F.2d 479, 480–81 (5th Cir.1992).

■ The district court granted Solis a five-level downward departure pursuant to § 5C1.2. "§ 5C1.2 is a 'safety valve' provision which allows qualified defendants to escape the applicable statutory minimum sentence." *U.S. v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995). In this case, however, the Guideline range is higher than the statutory minimum and, thus, § 5C1.2 does not apply.[1] Therefore, it was error for the district to depart from the Guidelines pursuant to § 5C1.2. *See U.S. v. Flanagan*, 80 F.3d 143, 147 n. 4 (5th Cir.1996).

■ Because the district court misapplied § 5C1.2, a "remand is appropriate unless [we] conclude[ ], on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." *Williams v. U.S.*, 503 U.S. 193, 203, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992). For the following reasons, we conclude that the district court's error did not affect the sentence imposed and, therefore, affirm.

■ The sentencing transcript shows that the downward departure was largely based on Solis's assistance to the Government. The court noted that, according to the Defendant's affidavit, Solis was debriefed on four occasions on a substantial number of topics. Concluding that these debriefings covered topics that were relevant to the investigation, the court granted the defense motion for a five-level downward departure.

The district court's error in this case is one of form, not of substance. Although the departure was not authorized by § 5C1.2, a sentencing court may depart from the Sentencing Guidelines in certain circumstances. § 5K2.0 allows a sentencing court to "impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigat-

---

1. It is undisputed that Solis was entitled to a two-level reduction under U.S.S.G. § 2D1.1(b)(6) because he met the criteria set forth in § 5C1.2.

ing circumstance of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)).

The fact that the Guidelines address the issue of assistance to authorities does not preclude departure. In *Koon v. U.S.*, the Court concluded:

> [A] federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor. If the answer is no-as it will be most of the time-the sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case out of the heartland of the applicable Guideline.

518 U.S. 81, 108, 116 S.Ct. 2035, 2051, 135 L.Ed.2d 392 (1996). *See also U.S. v. Dethlefs*, 123 F.3d 39, 46 (1st Cir.1997)(holding in light of *Koon* that downward departures based on conservation of judicial resources resulting from a plea are not categorically prohibited).

In *In re Sealed Case*, the D.C. Circuit recently held that, in light of *Koon*, district courts may depart from the Guidelines based on a defendant's substantial assistance without a Government motion. 149 F.3d 1198, 1201–04 (D.C.Cir.1998). Noting that the Guidelines do not prohibit such a departure, the court concluded that "a substantial assistance departure without a government motion is neither encompassed by nor equivalent to any mentioned, encouraged, or discouraged factor, and was thus not adequately considered by the Commission." *Id.* at 1203. The court reasoned that § 5K1.1 does not constitute adequate consideration because § 5K1.1 does not apply without a Government motion and 28 U.S.C. § 994(n) "explicitly directed the Commission to assure that the guidelines reflect the general appropriateness of lesser sentences for defendants who substantially assist the prosecution." *Id.* at 1204.

■ We are persuaded by the D.C. Circuit's reasoning in *In re Sealed Case* and, therefore, adopt it.[2] We hold that "even where the government files no motion, *Koon* authorizes district courts to depart from the Guidelines based on a defendant's substantial assistance where circumstances take the case out of the relevant guideline heartland." *Id.* We give substantial deference to the district court's decision to depart from the Guidelines. *See Koon*, at 96–98, 116 S.Ct. at 2046; *Sealed Case*, 149 F.3d at 1204 (stating that "we leave it to the district court to define the 'heartland' for a particular case.").

In the instant case, the district court did not abuse its discretion by departing from the Guidelines despite the fact that it improperly cited § 5C1.2 as authority for its departure. The district court found that Solis was debriefed at least four times and that the debriefings covered subjects that were

---

**2.** Judge Smith maintains that § 5K1.1 indicates that the Commission has considered substantial assistance departures without a Government motion and decided to allow departures only by government motion. He contends that "any other reading of § 5K1.1 renders the words '[u]pon motion of the government' redundant." The D.C. Circuit rejected a similar argument in *In re Sealed Case*. The court stated:

> The Government argues that the very existence of a government motion requirement implicitly discourages departures without such a motion.... Just because the filing of a government motion makes substantial assistance an encouraged ground does not mean the government's failure to file such a motion transforms substantial assistance—a factor Congress expressly injected into the sentencing decision-making process, *see* 28 U.S.C. § 994(n)—into a discouraged ground.

*In re Sealed Case*, 149 F.3d at 1202. Further, as a penal law, § 5K1.1 must be strictly construed. *See U.S. v. Khang*, 904 F.2d 1219, 1222 (8th Cir.1990) (stating that "[t]he Sentencing Guidelines must be strictly construed."). *See also Dowling v. U.S.*, 473 U.S. 207, 212–14, 105 S.Ct. 3127, 3131, 87 L.Ed.2d 152 (1985). Therefore, we read § 5K1.1 to mean only that the Commission encourages courts to depart from the Guidelines when the government makes a motion. We do not read it, however, to preclude courts from departing under § 5K2.0 without a government motion. The D.C. Circuit correctly concluded that, in light of *Koon*, courts should avoid "extend[ing] Guideline categories to answer questions the Commission may have left for another day." *In re Sealed Case*, 149 F.3d at 1203.

relevant to the Government's investigation.[3] Based on these findings, it was not improper for the court to conclude that Solis was entitled to a five-level decrease.

AFFIRMED.

JERRY E. SMITH, Circuit Judge, dissenting:

I respectfully dissent from the majority's conclusion that a sentencing court may depart downward from a prescribed sentencing range under U.S.S.G. § 5K1.1 in the absence of a motion from the government. The section states, "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." The best reading of those plain words is that in the absence of a government motion, the court is precluded from such a departure. The majority, however, relies on and adopts *In re Sealed Case,* 149 F.3d 1198 (D.C.Cir.1998), which in turn relies on *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

District courts may depart based on circumstances "not adequately taken into account" in the guidelines. 18 U.S.C. § 3553(b). The majority agrees with the court in *Sealed Case* that " 'a substantial assistance departure without a government motion is neither encompassed by nor equivalent to any mentioned, encouraged, or discouraged factor, and was thus not adequately considered by the Commission' " (quoting *Sealed Case,* 149 F.3d at 1203). This is the heart of the dispute.

I read the words of the Sentencing Commission to mean that the Commission has specifically taken this matter into account and has decided to allow departures for substantial assistance only by government motion. Any other reading of § 5K1.1 renders the words "[u]pon motion of the government" redundant. It is unrealistic to expect that the Commission would have burdened the reader with the statement that "if the government moves for a substantial assistance departure, the court may depart, but if the government does not move for a substantial assistance departure, the court may not depart." The version contained in § 5K1.1 accomplishes this in much simpler form: The court may depart on government motion.

It is unusual that in the case of departures for substantial assistance, the guidelines say such departures may be made "[u]pon motion of the government." We should presume this was for a reason, and that the Commission gave particular attention to potential departures given for substantial assistance.

The special text of this guideline takes the interpretation of the guideline out of the rubric set forth in *Koon.* Instead, we should read the simple words of the guideline and apply them strictly: Without a government motion, there can be no departure for substantial assistance. I respectfully dissent.

---

3. In *U.S. v. Shaw,* we required a district to give "specific reasons for the departure in terms of the policies underlying the Guidelines." 891 F.2d 528, 530 (5th Cir.1989). This does not change the result in the instant case because the Government has not raised the issue. Further, our holding in this case is based on the conclusion that the Guidelines do not adequately address a substantial assistance departure under § 5K2.0.