**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-20273

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

VERSUS

RUMALDO SOLIS,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Texas
March 8, 1999

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

The United States asks us to reconsider and vacate our opinion in <u>United States v. Solis</u>, 161 F.3d 281 (5th Cir. 1998). Upon reconsideration, we vacate our prior opinion and substitute the following.[1]

**BACKGROUND**

The United States ("Government") appeals the district court's decision to depart downward five levels based on Rumaldo Solis's

---

[1] In our prior opinion, we relied on and adopted the D.C. Circuit's opinion in <u>In re Sealed Case</u>, 149 F.3d 1198 (D.C. Cir. 1998), <u>vacated in part by</u> 159 F.3d 1362 (D.C. Cir. 1998). The D.C. Circuit vacated the relevant part of its opinion and reheard the case en banc but has not yet released its en banc opinion.

("Solis") assistance to the prosecution and to sentence him at offense level 32. The Government contends that Solis should have been sentenced at offense level 35.

Solis is a former Immigration and Naturalization Inspector who was involved in a major drug conspiracy through which cocaine and marijuana were imported into the United States. Solis provided drug traffickers with information on law enforcement activities and also served as a narcotics broker. He pled guilty pursuant to a plea agreement which provided that the Government would move for a downward departure under U.S.S.G. § 5K1.1 if it determined that he provided substantial assistance.

Prior to sentencing, the Government indicated that it would not move for a downward departure. Solis moved for a safety valve adjustment under U.S.S.G. § 5C1.2. Despite the Government's refusal to make a § 5K1.1 motion, the district court granted Solis a five-level downward departure. In granting the adjustment, the court stated that although it did not know what questions were asked or what information was sought from Solis, it appeared from the affidavit submitted in support of his motion that discussions occurred in many areas relevant to the investigation, sufficient to establish substantial assistance.

The Government unsuccessfully objected to the court's application of § 5C1.2, arguing that it did not allow the court to depart from the Sentencing Guidelines ("Guidelines"). Contending that the district court should have granted only a two-level

reduction under U.S.S.G. § 2D1.1(b)(6), the Government appeals.

**DISCUSSION**

We review a district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*. United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997). Downward departures under U.S.S.G. § 5K2.0 are reviewed for abuse of discretion. See United States v. Lugman, 130 F.3d 113, 115 (5th Cir. 1997), cert. denied, 118 S.Ct. 1855 (1998)(citing Koon v. United States, 116 S.Ct. 2035, 2047 (1996)). Section 5K2.0 allows courts to depart from the applicable Guideline range under certain circumstances. A sentence will be upheld on review unless it was "imposed in violation of law; imposed as a result of incorrect application of the sentencing guidelines; or outside the range of the applicable sentencing guideline and is unreasonable." United States v. Garcia, 962 F.2d 479, 480-81 (5th Cir. 1992).

The district court granted Solis a five-level downward departure pursuant to § 5C1.2. "[Section] 5C1.2 is a 'safety valve' provision which allows qualified defendants to escape the applicable statutory minimum sentence." U.S. v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995). In this case, however, the Guideline range is higher than the statutory minimum and, thus, § 5C1.2 does not apply.[2] Therefore, it was error for the district to depart

---

[2]It is undisputed that Solis was entitled to a two-level reduction under U.S.S.G. § 2D1.1(b)(6) because he met the criteria set forth in § 5C1.2.

3

from the Guidelines pursuant to § 5C1.2.  See U.S. v. Flanagan, 80 F.3d 143, 147 n.4 (5th Cir. 1996).

Because the district court misapplied § 5C1.2, a "remand is appropriate unless [we] conclude[], on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." Williams v. U.S., 112 S.Ct. 1112, 1120-21 (1992).  For the following reasons, we conclude that the district court's error affected the sentence imposed and, therefore, vacate and remand.

The sentencing transcript shows that the downward departure was largely based on Solis's assistance to the Government.  The court noted that, according to the Defendant's affidavit, Solis was debriefed on four occasions on a substantial number of topics. Concluding that these debriefings covered topics that were relevant to the investigation, the court granted the defense motion for a five-level downward departure.

"Absent a motion for downward departure made by the Government, a sentencing court is without authority to grant a downward departure on the basis of substantial assistance under § 5K1.1." United States v. Price, 95 F.3d 364, 367 (5th Cir. 1996); see also Wade v. United States, 112 S.Ct. 1840, 1843 (1992) (stating that "upon motion of the [G]overnment" is a condition limiting the court's authority to depart under § 5K1.1). Similarly, in Melendez v. United States, 116 S.Ct. 2057, 2063

(1996), the Supreme Court read § 5K1.1 as "permitting the district court to depart below the Guidelines range when the Government states that the defendant has provided substantial assistance and requests or authorizes the district court to depart below the Guidelines range."

"[Section] 5K1.1 does not require the [G]overnment to move for a downward departure if the defendant provides substantial assistance, but rather grants the [G]overnment discretionary power to make such a motion." United States v. Garcia-Bonilla, 11 F.3d 45, 46 (5th Cir. 1993). There are two limitations on the Government's discretion. First, a district court may review the Government's refusal to move for a downward departure if the refusal is based on an unconstitutional motive. See Price, 95 F.3d at 368. Second, "the [G]overnment may bargain away its discretion under the terms of a plea agreement, and thereby obligate itself to move for a downward departure in exchange for the defendant's substantial assistance." Id. Neither of these exceptions is applicable to the case at bar. The Government retained sole discretion over its decision whether or not to make a § 5K1.1 motion, and Solis has not alleged that the Government's refusal to do so was for unconstitutional reasons.

Solis argues that the district court had the authority to depart from the Guidelines under § 5K2.0 even though the Government refused to make a § 5K1.1 motion. Under § 5K2.0, a sentencing court:

> [M]ay impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)). We conclude that a district court has no more authority to depart for substantial assistance under § 5K2.0 that it has under § 5K1.1.

In United States v. Abhouran, 161 F.3d 206, 213 (3rd Cir. 1998), the Third Circuit considered whether § 5K2.0, as interpreted by Koon, gives a district court any additional authority to consider a downward departure for substantial assistance in cases where the Government refuses to file a § 5K1.1 motion. The court noted that "[a] district court cannot consider a factor already taken into account in the Guidelines unless 'the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'" Id. at 213-14 (quoting Koon v. United States, 116 S.Ct. 2035, 2045 (1996)). Reasoning that substantial assistance is taken into account by the Guidelines in § 5K1.1, the court concluded that a district court may depart on the basis of substantial assistance under § 5K2.0 only in cases where a departure without a Government motion is permitted under § 5K1.1. See id. The court stated:

> The heartland of § 5K1.1 is where the defendant substantially assists the [G]overnment. We think that the only cases falling outside this heartland are those cases in which the [G]overnment improperly--either because it has an unconstitutional motive or because it

6

has acted in bad faith with regard to a plea agreement-- refuses to offer a motion, and possibly those in which the assistance is not of the sort covered by § 5K1.1.

Id. at 214.

We are persuaded by the Third Circuit's reasoning in Abhouran and, therefore, hold that § 5K2.0 does not afford district courts any additional authority to consider substantial assistance departures without a Government motion.[3]  Because the Government did not bargain away its discretion to refuse to offer a § 5K1.1 motion and Solis has not alleged that the Government refused to offer the motion for unconstitutional reasons, the district court erred by granting a five-level downward departure.

## CONCLUSION

We vacate Appellee's sentence and remand for re-sentencing.

VACATED and REMANDED.

---

[3]In Abhouran, the court noted that, even when the Government retains "sole discretion" over whether or not to offer a § 5K1.1 motion, district courts may depart in cases where the Government refuses to offer the motion in bad faith.  Abhouran, 161 F.3d at 212.  We disagree with this portion of the court's opinion.  In cases "where the plea agreement expressly states that the government retains 'sole discretion' over the decision as to whether or not to submit a motion, we have held that a refusal to do so is reviewable only for unconstitutional motive."  Price, 95 F.3d at 368.