**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-41595
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

KEVIN D. CLAYTON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Texas
USDC No. C-98-CR-244

_____

September 20, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kevin D. Clayton has appealed the sentence he received after he pleaded guilty to possessing marijuana with intent to distribute it. We AFFIRM.

The resolution to Clayton's appeal turns on whether the district court erroneously concluded that it could not depart downward under U.S.S.G. § 5K2.0, after Clayton received leniency pursuant to U.S.S.G. § 5C1.2, the "safety-valve" provision.

Section § 5K2.0 provides, in part, for a departure if there

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

is a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration . . . in formulating the guidelines." "This court can review a district court's refusal to depart from the guidelines only if the district court based its decision upon an erroneous belief that it lacked the authority to depart." United States v. Valencia-Gonzales, 172 F.3d 344, 346 (5th Cir. 1999), petition for cert. filed, (U.S. July 8, 1999) (No. 99-5249) (citation and quotation marks omitted). Furthermore, there must be something in the record that indicates that the district court held such an erroneous belief; the district court's summary denial without explanation is insufficient. Id. Accordingly, this court lacks "jurisdiction to review the district court's determination that a departure was not warranted on the facts of [the defendant's] case." United states v. Carmouche, 138 F.3d 114, 1018 (5th Cir. 1988).

Clayton asserts that the district court found that his mental capacity, family circumstances, and unique cooperation with the Government justified a departure under § 5K2.0. However, the sentencing transcript does not support these assertions. The district court correctly held that there could be no departure under § 5K1.1 for substantial assistance to the Government, because the Government had not moved therefor. See United States v. Solis, 169 F.3d 224, 226-7 (5th Cir. 1999), petition for cert. filed, (U.S. June 3, 1999) (No. 98-9623). The court also was aware "that § 5K2.0 does not afford district courts any additional authority to consider substantial

assistance departures without a government motion."  Id. at 227.

Upon inquiry by the court, neither the probation officer nor Clayton's counsel was able to show that there were "mitigating circumstances" that justified a § 5K2.0 downward departure. Clayton's appeal lacks merit because the district court determined that a departure was not warranted on the facts of his case, a ruling that this court lacks jurisdiction to review.  See Carmouche, 138 F.3d at 1018.

AFFIRMED.