IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20114
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERTO JAVIER NAVARRO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-227-1
--------------------

December 22, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

     Roberto Javier Navarro appeals his guilty-plea conviction

for conspiracy and aiding and abetting another to possess with

intent to distribute cocaine on the basis of ineffective

assistance of counsel.  Although we do not ordinarily entertain

ineffective assistance claims on direct appeal, see United States

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991), we find that the record is adequate to permit us to do so.

Navarro's primary contention that his plea was involuntary due to misrepresentations by counsel that he would receive a downward departure under U.S.S.G. § 5K1.1 is undermined by his rearraignment testimony that he understood his sentence could be more severe than he might expect following discussions with his attorney and that he could not withdraw his plea if that were the case, and Navarro has failed to refute that testimony. See United States v. Cervantes, 132 F.3d 1106, 1110-111 (5th Cir. 1998).

We also reject Navarro's contention that his counsel was ineffective for failing to negotiate a plea agreement and for failing to do more to enable him to challenge the Government's decision regarding a § 5K1.1 departure. The Government has the sole discretion to move for a downward departure and the district court is without authority to grant the departure absent such a motion. See United States v. Solis, 169 F.3d 224, 226 (5th Cir. 1999) (en banc), cert. denied, ___ U.S. ___, 1999 WL 373765 (U.S. Oct. 4, 1999) (No. 98-9623). The record demonstrates that the Government would not have considered a departure, and Navarro has alleged no unconstitutional motives warranting review of that decision. See United States v. Aderholt, 87 F.3d 740, 742 (5th Cir. 1996). Thus, Navarro has failed to demonstrate that any

actions by his counsel could have altered the outcome of the case.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.