IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11384
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BLONG YANG,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-111-2-R
--------------------
August 17, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Blong Yang appeals his sentence following a guilty-plea conviction of aiding and abetting the possession of opium with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Yang argues that the district court erred in attributing the opium from the second undelivered package to him when determining his sentence.

The presentence report (PSR), its addendum, and the testimony of the Customs Service agent at Yang's sentencing hearing support the district court's finding that the opium from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the second package was reasonably foreseeable to Yang and was part of his "relevant conduct" under U.S.S.G. § 1B1.3. The evidence established that Yang would have retrieved both packages had the packages not been intercepted by the Customs Service. See United States v. Bryant, 991 F.2d 171, 176-77 (5th Cir. 1993) (holding district court did not clearly err in finding package intercepted by post office and intended for defendant was part of defendant's relevant conduct); see also United States v. White, 888 F.2d 490, 498 (7th Cir. 1989) (holding sentencing determination should not be impacted by Government's actions in a controlled delivery of intercepted drug packages). Yang presented no evidence rebutting the findings of the PSR or the testimony of the agent. The district court's determination of the drug quantity attributable to Yang was not clearly erroneous. United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

Yang's contention that the district court should have made a downward departure in his sentence pursuant to U.S.S.G. § 5K1.1 similarly is without merit. Because the Government did not assert a motion under § 5K1.1, the district court had no authority to depart downward based on Yang's alleged substantial assistance. United States v. Solis, 169 F.3d 224, 226 (5th Cir.), cert. denied, 120 S. Ct. 112 (1999). Furthermore, there were no limitations on the Government's discretionary power under § 5K1.1. The district court consequently did not err in refusing to grant Yang a downward departure. Id. at 227.

AFFIRMED.