IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60221
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MELVIN MATHIS,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:97-CR-83-2-S
---------------------
September 13, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Melvin Mathis pleaded guilty to aiding and abetting possession with intent to distribute crack cocaine.  Mathis asserts that the Government breached the plea agreement by not moving for a downward departure based on his cooperation.  Section 5K1.1 gives the Government the discretion to move for a downward departure if the defendant provides substantial assistance, but it does not require the Government to make such a motion.  United States v. Price, 95 F.3d 364, 368 (5th Cir. 1996).  Mathis has not shown that the refusal to make the § 5K1.1

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion was motivated by an unconstitutional factor or that the Government was obligated under the plea agreement to move for a downward departure in exchange for the defendant's substantial assistance. Id.; see United States v. Solis, 169 F.3d 224, 226-27 (5th Cir. 1999).

Mathis argues that the district court relied at sentencing on erroneous information that he, Mathis, had threatened to kill a potential witness and that his counsel was ineffective for failing to challenge this information. As the district court specifically stated that it was not considering the allegation in passing sentence, Mathis can show no error with respect to these claims.

Mathis cannot show that counsel was ineffective for failing to make the Government prove that he was in possession of crack cocaine because Mathis admitted possession of crack cocaine. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Mathis's claim that the Northern District of Mississippi is not part of the United States is frivolous. His claim that the district court should have considered some unnamed alternative in sentencing him is not supported by any facts or by any pertinent legal authority. This issue is deemed waived. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Mathis's motion to dispense with the requirement to file record excerpts is GRANTED. All outstanding motions are DENIED.

AFFIRMED.