IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40346
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS RAY STARNES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CR-10-2
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

Dennis Ray Starnes appeals his sentence after pleading guilty to possession with intent to distribute marijuana. Starnes argues that the district court erred in failing to grant a downward departure on the basis of his cooperation with the Government. Starnes acknowledges this court's holding in United States v. Solis, 169 F.3d 224, 227 (5th Cir. 1999) that a district court has no authority to depart for substantial assistance under U.S.S.G. § 5K2.0 if the Government does not file

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a U.S.S.G. § 5K1.1 motion. He attempts to distinguish his case by arguing that the Government had bargained away its discretion not to file a U.S.S.G. § 5K1.1 motion. He contends that the Government reneged on its assurances to him that a U.S.S.G. § 5K1.1 motion would be filed.

The Government retained its discretion to decide whether to file a U.S.S.G. § 5K1.1 motion in the plea agreement. Starnes does not allege that Tonda Curry's communications to Starnes' lawyer that the committee had approved the filing of the U.S.S.G. § 5K1.1 motion occurred during plea negotiations or were an inducement to his plea. The Government in this case clearly and unequivocally retained complete discretion to file or not to file a U.S.S.G. § 5K1.1 motion in the plea agreement. The Government exercised its discretion not to file the motion, and the district court had no power to grant Starnes' motion.

Starnes argues that the district court erred in adding three points to his offense level for his role in the offense. All that was required to be shown in order for Starnes to be a manager or supervisor was that he managed or supervised one or more other participants. U.S.S.G. § 3B1.1, comment. (n.2). Starnes provided travel money, transportation, and instructions to John Charles Baggett, a courier participating in the conspiracy. Starnes managed or supervised Baggett, directing where and to whom Baggett should deliver the marijuana on three separate occasions. The district court did not clearly err in

finding that Starnes played a managerial or supervisory role. U.S.S.G. § 3B1.1(b); <u>United States v. Puig-Infante</u>, 19 F.3d 929, 944 (5th Cir. 1994).

AFFIRMED.