UNITED STATES of America,
Plaintiff–Appellee,

v.

John Phillip LaBARGE, Defendant–
Appellant.

No. 02–1046.

United States Court of Appeals,
Sixth Circuit.

Nov. 15, 2002.

Before KEITH, KENNEDY, and
MOORE, Circuit Judges.

OPINION

MOORE, Circuit Judge.

Defendant–Appellant John Phillip La-
Barge was indicted for conspiracy to
distribute marijuana and for attempted
possession of marijuana with intent to
distribute. LaBarge entered a Rule 11
plea agreement, which provided that the
government would move for a downward
departure based on substantial assis-
tance pursuant to the United States
Sentencing Guidelines ("U.S.S.G.")
§ 5K1.1, if LaBarge substantially assist-
ed with its investigation. At sentencing,
the government refused to move for a
downward departure because LaBarge
had been arrested and convicted of a
state crime between the plea and sen-
tencing. LaBarge moved for a depar-
ture based on substantial assistance un-
der U.S.S.G. § 5K2.0, but the district
court ruled that it could not make such

a departure absent a motion from the government. For the reasons set forth below, we AFFIRM the district court's refusal to grant a downward departure.

## I.

LaBarge was indicted for conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846, and for the related offense of attempted possession with intent to distribute under 21 U.S.C. §§ 841(a)(1), 846. LaBarge entered a Rule 11 plea agreement with the United States on June 5, 2001, and signed an amended plea agreement incorporating a minor change on June 19, 2001. Pursuant to the agreement, LaBarge agreed to plead guilty to the conspiracy count, and the government agreed to dismiss the attempted possession count. LaBarge would be sentenced to no more than 24–30 months of imprisonment.

The agreement further obligated LaBarge "to cooperate in good faith, meaning that the defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing." Joint Appendix ("J.A.") at 96. LaBarge would be in breach of the agreement if he engaged in conduct "inconsistent with continued cooperation under this agreement, including but not limited to criminal activity . . . or any other conduct which in any way undermines the effectiveness of defendant's cooperation." J.A. at 96. Provided that LaBarge's cooperation substantially assisted the government's investigation, the government agreed to recommend a downward departure under U.S.S.G. § 5K1.1 or a reduction of sentence at LaBarge's sentencing hearing. In this event, the government would recommend a sentencing range of 12–15 months. The government retained exclusive discretion to determine whether LaBarge had provided substantial assistance, however.

Furthermore, if LaBarge "fail[ed] to comply with any of the agreement's terms," he would be in breach of the agreement. J.A. at 99. In the event of a breach, the government might decide to "(1) void the agreement and prosecute defendant for any offense (including charges dismissed or not brought as a result of this agreement); and/or (2) seek resentencing on any remaining counts if (a) a count is reversed or vacated, and (b) that count affected how the sentence was determined for any other count." J.A. at 99–100. When the district court took LaBarge's guilty plea on June 5, 2001, the government clearly indicated appellant's understanding "that he must provide full and complete cooperation as part of that plea agreement." J.A. at 129. LaBarge immediately assented.

After pleading guilty, but prior to sentencing, LaBarge was charged with one count of sexual conduct and three counts of contributing to the delinquency of a minor. LaBarge pleaded guilty to fourth-degree criminal sexual conduct. In light of LaBarge's conviction, the government indicated that it would not be filing a § 5K1.1 motion for downward departure based on substantial assistance. The district court delayed LaBarge's sentencing until December 12, 2001, to allow LaBarge time to file a § 5K2.0 motion for downward departure.

At the sentencing hearing, the parties disagreed about whether LaBarge had fully cooperated with law enforcement under the terms of the Rule 11 agreement. According to the government, LaBarge did provide assistance by "cooperati[ng] on a par with most everyone else at his level in this case," but his conviction of a state criminal offense mitigated against moving for a departure. J.A. at 142–43. LaBarge

argued that the court should grant a downward departure for substantial assistance on his own § 5K2.0 motion, but did not argue that the government was required to file a § 5K1.1 motion for downward departure.

The district court concluded that it was not permitted to grant LaBarge's motion for downward departure, "which would essentially be a 5K1.1 motion." J.A. at 145. The district court also noted that defendants are not entitled to hearings on the government's refusal to move for a § 5K1.1 downward departure based on substantial assistance absent "a threshold showing of unconstitutional motive." J.A. at 145. The district court denied LaBarge's motion and sentenced him to 24 months of imprisonment and 36 months on supervised release. LaBarge timely filed this appeal.

## II.

### A. Forfeited Claim

The United States argues that because LaBarge raised his claim that the government was obligated under the plea agreement to file a § 5K1.1 downward departure motion for the first time on appeal, that claim has been waived and is not subject to review by this court. We regard a defendant's argument that the government did not act in accord with a Rule 11 agreement as waived where the defendant does not raise his claim before the sentencing judge. *United States v. Cullens*, 67 F.3d 123, 124 (6th Cir.1995) ("[I]t is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance."). LaBarge did not argue that the government breached the plea agreement before the sentencing judge, but instead argued in support of his own § 5K2.0 motion for downward departure. Thus, the issue of the government's breach was raised for the first time on appeal.

Appellate courts have "limited power to correct errors that were forfeited because [they were] not timely raised in district court." *United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We have developed a four-part test for determining whether this court should notice such an error:

> We consider first whether there was error. If there was error, then we determine if the error was plain. If the error was plain, we next decide whether the error affected the defendant's substantial rights. Finally, we consider whether the error seriously affected the "fairness, integrity, or public reputation" of the judicial proceedings. Only upon such a finding may we then exercise our discretionary authority to notice the error.

*United States v. Humphrey*, 287 F.3d 422, 430 (6th Cir.2002) (citations omitted); *see United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir.1996) (stating that an error is plain if it is "clear or Obvious"). Furthermore, even where the court of appeals has authority to order a correction, it is not required to do so. *Olano*, 507 U.S. at 735, 113 S.Ct. 1770.

The district court did not clearly or obviously err in interpreting LaBarge's plea agreement not to require the government's filing of a § 5K1.1 downward departure motion. When the "Government indicated they would not be filing a motion for downward departure under 5K1.1," LaBarge did not argue that the government was required to do so under the agreement or that the court should enforce the agreement. J.A. at 139. Instead, LaBarge's counsel filed a "motion for departure from the guidelines range based on substantial assistance to the government" and asked the court to grant a downward departure under § 5K2.0 even absent the government's § 5K1.1 motion. J.A. at 159. La-

Barge did not deny that he engaged in the conduct upon which the government's refusal was based, argue that the government had breached the plea agreement, or deny that he breached his obligation to provide continued good faith cooperation when he engaged in subsequent criminal conduct. He only argued that he had in fact provided substantial assistance.

Furthermore, the district court was not obligated to hold an evidentiary hearing about whether the government could refuse to file a § 5K1.1 motion because "[a] defendant has a right to a hearing only if he makes a substantial threshold showing of an unconstitutional motive." *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir. 1993), *cert. denied*, 513 U.S. 827, 115 S.Ct. 95, 130 L.Ed.2d 45 (1994). LaBarge now argues that the government acted on the basis of an unconstitutional motive, denying him equal protection of the laws under the Fourteenth Amendment,[1] but he did not raise this argument at sentencing. The district court did not clearly err by failing to hold an evidentiary hearing to address the government's failure to file a § 5K1.1 downward departure motion.

■ The district court's decisions not to force the government to file a § 5K1.1 downward departure motion and not to hold an evidentiary hearing on the matter are not clearly or obviously wrong, and thus cannot constitute plain error. Because LaBarge did not timely assert his claim and there was no plain error, we therefore do not have the power to consider his argument that the government breached the plea agreement.

■ Even if we were to consider LaBarge's claim on the merits, LaBarge would not be entitled to a § 5K1.1 motion by the government. According to LaBarge, the district court should have enforced his Rule 11 agreement by calling for a government motion for downward departure for substantial assistance. However, because LaBarge breached the plea agreement by committing a crime, the government was relieved of its reciprocal obligations under the agreement. Regardless of whether this subsequent criminal activity undermined LaBarge's assistance to the government, it violated an express term of the agreement. *See United States v. Wells*, 211 F.3d 988, 995, 996 (6th Cir. 2000). Therefore, even if LaBarge had not waived his claim of breach, the government was relieved of any obligation to file a § 5K1.1 motion at sentencing because LaBarge had already breached the agreement.

## B. LaBarge's § 5K2.0 Motion

Finally, LaBarge contends that the court should have granted a downward departure, even absent a motion by the government. When the government refused to move for a downward departure pursuant to § 5K1.1, LaBarge filed his own § 5K2.0 motion, asking the court to "impose a sentence outside the range established by the applicable guidelines" because his substantial assistance was a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0 (quotation omitted). The district court concluded that, absent a motion from the government or LaBarge's showing of a constitutional

---

1. LaBarge argues that this court should apply traditional equal protection analysis and inquire as to "whether there is a rational relationship between the classification and the legitimate objectives of the prosecutor," but fails to even allege the elements necessary to state an equal protection claim. Appellant's Brief at 11. We may not consider this new argument raised for the first time on appeal. *See Michigan Bell Tel. Co. v. Strand*, 305 F.3d 580, 590 (6th Cir.2002).

claim, it could not "grant [LaBarge's] motion for downward departure, which would essentially be a 5K1.1 motion." J.A. at 145.

We have held that, where the government has not filed a § 5K1.1 motion, a district court cannot grant a § 5K2.0 motion for downward departure based on a defendant's cooperation. *United States v. Rashid,* 274 F.3d 407, 418–19 (6th Cir. 2001). "[Section] 5K2.0 does not afford district courts any additional authority to consider substantial assistance departures without a Government motion." *Id.* at 418 (quoting *United States v. Solis,* 169 F.3d 224, 227 (5th Cir.1999)). Therefore, the district court properly denied LaBarge's § 5K2.0 motion.

### III.

For the reasons set forth above, we AFFIRM the sentence imposed by the district court.