United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-40687
SUMMARY CALENDAR

———————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOE W. JORDAN

Defendant - Appellant

—————————————————————————————————————————————

On Appeal from the United States District Court for the
Eastern District of Texas, Tyler Division
(6:01-CR-33-2)

—————————————————————————————————————————————

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

    In this appeal we review the sentence imposed by the district court following Defendant

Joe Jordan's guilty-plea conviction for conspiracy to possess with intent to distribute cocaine

base, a violation of 21 U.S.C. § 846. For the following reasons we affirm the district court's

judgement and the sentence imposed.

I. FACTUAL AND PROCEDURAL BACKGROUND

—————————————————

    [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

On July 18, 2001, Joe Jordan and several codefendants were indicted on five counts related to cocaine distribution. Jordan agreed to enter a plea of guilty to one count of conspiracy to possess cocaine base with intent to distribute, and, in return, the other charges against him were dismissed.

The plea agreement noted that the applicable statutory minimum sentence for Jordan's charge was a prison term of ten years.[2] The agreement further stated that Jordan agreed to waive his right to appeal, except as to issues arising from Sentencing Guidelines determinations. In addition, according to the agreement, the Government had discretion to decide whether or not to move for a reduction in Jordan's sentence pursuant to either USSG § 5K1.1 or Rule 35(b) of the Federal Rules of Criminal Procedure.

Jordan subsequently entered his guilty plea before the magistrate judge assigned to the case. The magistrate judge again confirmed that a statutory minimum of ten years was applicable. The judge then asked Jordan whether he "underst[ood] that under some circumstances you or the Government may have the right to appeal any sentence that might be imposed?" To which Jordan replied, "Yes, sir."

A Presentence Investigation Report (PSR) was prepared using the 2001 version of the Sentencing Guidelines. As noted in the PSR, the base offense level for a violation of 21 U.S.C. § 846 is 38. The PSR ultimately calculated Jordan's total offense level at 37[3] and established his criminal history as a category I. Based on a total offense level of 37 and a criminal history

---

[2] The actual applicability of the ten-year minimum is discussed later in this decision.

[3] An offense level of 37 was reached after recommending a 2 level increase pursuant to USSG §2d1.1(b)(1) for defendant's possession of a firearm and a 3 level decrease for acceptance of responsibility under § 3E1.1.

category of I, the PSR determined the guideline sentencing range to be 210 to 262 months and recommended a sentence at the low end of the spectrum, 210 months.

Prior to sentencing, Jordan objected to the PSR's call for an increase in his offense level for having been in possession of a dangerous weapon. The Government also filed its own motion, moving for downward departure pursuant to USSG § 5K1.1. In response to Jordan's objection, the district court noted that it intended to grant the Government's § 5K1.1 motion and to impose the statutory minimum as a sentence. Because the district court believed it had no discretion under 5K1.1 to depart below the statutory minimum of 120 months, the sentencing range and Jordan's objection regarding the firearm were seen as having no import, being essentially rendered moot by the court's decision to depart downward pursuant to § 5K1.1. The district court then sentenced Jordan to a prison term of 120 months.

In sentencing Jordan, the district court effectively used a total offense level of 35 –taking the base offense level of 38 and subtracting 3 levels pursuant to Section 3E1.1– which, for a defendant with a category I criminal history, carries a guideline range of 168 to 210 months. The court then departed from the guideline range pursuant to the Government's § 5K1.1 motion.

Jordan filed notice of his appeal on April 30, 2002, one day after the permitted ten-day period. This Court remanded to the district court for a determination regarding whether the untimely filing was due to excusable neglect or good cause. Finding that the untimely filing was due to excusable neglect and good cause, the district court rendered the appeal timely.

## II. THE APPLICABILITY OF § 5C1.2's SAFETY VALVE PROVISION

We first address Jordan's argument regarding the applicability of USSG § 5C1.2. Jordan contends that the district court erred in determining that it could not depart below the statutory

minimum of 120 months when imposing his sentence. According to Jordan, the statutory minimum should not have been applied because he qualified for the safety valve provision found in § 5C1.2 and 18 U.S.C. § 3553(f).

Although Jordan urges us to employ a de novo standard of review, he never objected to the lower court's failure to apply § 5C1.2.[4] Because he raises the issue of § 5C1.1's applicability for the first time on appeal, the plain error standard of review applies. *United States v. Ulloa*, 94 F.3d 949, 952 (5th Cir. 1996); *United States v. Cerverizzo*, 74 F.3d 629, 631 (5th Cir. 1996).

In order for us to find plain error: (1) there must be an error, i.e., a deviation from a legal rule absent a valid waiver; (2) that error must be plain, i.e., clear or obvious, and clear under current law at the time of trial; and (3) it must affect substantial rights, i.e., it must be prejudicial and affect the outcome of the proceedings. *Ulloa*, 94 F.3d at 952. Upon finding these elements, we have discretion to correct such forfeited errors if they seriously affect the fairness, integrity or public reputation of the judicial proceedings. *Id*.

USSG § 5C1.2 is a "safety valve" provision which allows qualified defendants to escape the applicable statutory minimum sentence. *United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995). A defendant convicted under 21 U.S.C. § 846 shall be sentenced in accordance with the applicable guidelines but without regard to any minimum sentence if the district court finds that the defendant satisfies the following five criteria:

> (1) the defendant does not have more than one criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the

---

[4] The record does not indicate § 5C1.2 was ever considered or even discussed during sentencing.

offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager or supervisor of others in the offense . . . ; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

USSG § 5C1.2; 18 U.S.C. § 3553(f).

A review of the record suggests that it is likely Jordan would be able to satisfy each of the five requirements.[5] In other words, an error occurred. Furthermore, the waiver of Jordan's right to appeal found in the plea agreement explicitly excludes issues arising from Sentencing Guideline determinations. Therefore there was no waiver as to the error.[6] Still, even assuming that the criteria of § 5C1.2 are met, under the plain error standard of review the error at issue must have been clear under the law at the time of trial. *Ulloa*, 94 F.3d at 952.

The typical situation in which § 5C1.2 comes into play involves a defendant with a sentencing range containing the statutory minimum. *See, e.g., United States v. Flanagan*, 87 F.3d 121 (5th Cir. 1996). The relevance of 5C1.2 is clear in such situations; if the criteria are met, the court –following the applicable guidelines– may impose a sentence within the guideline range but below the statutory minimum. In Jordan's case, however, the sentencing guideline range was well above the statutory minimum of 120 months. This Court has previously held that when the

---

[5] Although firearms were found in Jordan's residence, which might call into question the second criteria, the district court specifically found it was "improbable that [the guns] were connected with the offense."

[6] Jordan goes to great lengths to argue that his limited waiver of the right to appeal is vitiated by the district court's failure to ensure clarity about the extent of the waiver. However, because Jordan does not raise any issues on appeal that would have been foreclosed by the waiver, the resolution of this appeal does not require us to address those arguments.

guideline range is higher than the statutory minimum, § 5C1.2 does not apply. *United States v. Solis*, 169 F.3d 224, 226 (5th Cir. 1999), *cert. denied*, 528 U.S. 843, 120 S.Ct. 112, 145 L.Ed.2d 95 (1999); *but see United States v. Lopez*, 264 F.3d 527, 531 (5th Cir. 2001) (suggesting that any defendant who qualifies for § 5C1.2 is exempt from statutory minimums).

Regardless of whether 5C1.2 allows for the defendant to escape the statutory minimum, it seems Jordan is correct in arguing that his total offense level should have been calculated at 33 rather than 35.[7] *See Solis*, 169 F.3d at 226 n.2 (noting that defendant was still entitled to two-level reduction under USSG § 2D1.1(b)(6) for meeting § 5C1.2's requirements despite the fact that § 5C1.2 was itself inapplicable because the guideline sentencing range was higher than statutory minimum). Though this would have changed the applicable sentencing spectrum to a range of 135 to 168 months, the guideline range would still be above the statutory minimum of 120 months.

The waters become substantially more murky when the applicability of § 5C1.2 is considered alongside § 5K1.1. As noted earlier, when sentencing Jordan the district court departed from the guideline range pursuant to the Government's § 5K1.1 motion. Section 5K1.1 may guide the district court to a departure below the statutory minimum, as well as to a sentence outside the guideline range; however, the provision alone and by itself does not authorize departure beneath the statutory minimum –a motion from the government requesting or authorizing a departure below the statutory minimum is required. *Melendez v. United States*, 518 U.S. 120, 129-30, 116 S.Ct. 2057 (1996).

---

[7] Though the Government is also correct in asserting that a total offense level of 33 should apply, the reasoning the Government uses in reaching that total is incorrect.

In the case at hand, the Government's § 5K1.1 motion specifically requested that the district court not depart below the statutory minimum. Typically, such a motion would preclude the court from departing below the minimum sentence. *Id.* at 125-26. However, Jordan proposes that § 5K1.1 and § 5C1.2 work in combination to allow a departure below the statutory minimum. Whatever the merits of such an argument, it can hardly be said that, in circumstances such as those present in Jordan's case, a clear error occurred.

The contention that 5K1.1 and 5C1.2 work in conjunction in situations like this cannot be considered an obvious legal conclusion under the relevant law at the time of the proceedings below. Because the error could not have been clear under the law at the time of Jordan's district court proceedings, he cannot meet the plain error standard.

### III. GUILTY PLEA

We next turn to Jordan's argument regarding the validity of his guilty plea. According to the defendant, the district court failed to comply with Rule 11 when it wrongly indicated that the statutory minimum sentence was applicable to Jordan's case. As discussed in detail above, Jordan asserts that the statutory minimum does not apply to his case because he qualified for the safety valve provision in USSG § 5C1.2.

Federal Rule of Criminal Procedure 11(c) provides:

> Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> > (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum penalty provided by law . . . .

FED. R. CRIM. P. 11(c)(1).

In the case at hand, the magistrate judge noted the minimum and maximum penalties and asked Jordan if he understood their possible applicability. The language of Rule 11(c) concerns only statutory penalties and does not require the lower court to make predictions regarding the application of sentencing guideline provisions before accepting a guilty plea. *United States v. Hoster*, 988 F.2d 1374, 1379 (5th Cir. 1993) (citing *United States v. White*, 912 F.2d 754, 756 (5th Cir.), *cert. denied*, 498 U.S. 989, 111 S.Ct. 529 (1990)). The lower court clearly referenced the ten-year statutory minimum and thus complied with Rule 11's requirements.

## III. CONCLUSION

For the foregoing reasons, the judgement of the district court is AFFIRMED.