United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41086
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LETICIA OCHOA ESTRADA,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-189-ALL
---------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Leticia Ochoa Estrada (Ochoa) appeals her conviction and
sentence following her guilty plea to possession with intent to
distribute approximately 7.5 kilograms of methamphetamine
(actual) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).
Ochoa was sentenced to 210 months of imprisonment and five years
of supervised release.

    Ochoa asserts that her plea was involuntary because the
district court did not inform her that, if she proceeded to

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial, she had the right to be protected from compelled self-incrimination. Because Ochoa raises this issue for the first time on appeal, this court reviews for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002). In order to show that the district court plainly erred, Ochoa must show the existence of an error, that the error was clear and obvious, and that the error affected her substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993). If these conditions are met, then this court will reverse the error only if it seriously affects the "fairness, integrity, or public reputation of judicial proceedings." Id. at 735-37.

We have reviewed the rearraignment transcript, and it amply reflects that the district court did not deviate from FED. R. CRIM. P. 11 when it admonished Ochoa with respect to Ochoa's right to be protected from compelled self-incrimination at trial. See United States v. Bachynsky, 949 F.2d 722, 726 (5th Cir. 1991). Thus, Ochoa's assertion that the district court's violation of FED. R. CRIM. P. 11 rendered her guilty plea involuntary is without merit.

Ochoa challenges the district court's finding that U.S.S.G. § 2D1.1 did not apply because she did not meet the requirements of the safety valve provision, U.S.S.G. § 5C1.2(a)(5), that she completely and truthfully provide the Government with all information and evidence she had concerning the offense. The district court's determination whether § 2D1.1 applies is a

factual finding, which we review for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005). If a factual finding is plausible in light of the record as a whole, there is no clear error. Id. at 203.

After a review of the record, we conclude that the district court did not clearly err in determining that Ochoa was not credible or truthful. Because Ochoa was found not credible, the district court did not err in finding that Ochoa did not meet the safety valve criteria in § 5C1.2, which would have qualified her for a two-level downward adjustment pursuant to § 2D1.1(b)(7). United States v. Solis, 169 F.3d 224, 226 (5th Cir. 1999); United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996).

Ochoa also challenges the district court's finding that she did not qualify for a mitigating role adjustment. The district court's determination whether U.S.S.G. §§ 3B1.2 and 2D1.1(a)(3) apply is a factual finding, which we review for clear error. Villanueva, 408 F.3d at 203 & n.9. The defendant bears the burden of proving that his role in the offense was minimal or minor. United States v. Atanda, 60 F.3d 196, 198 (5th Cir. 1995). Because Ochoa's statements regarding the offense were not credible, the district court's determination that there was insufficient evidence to determine Ochoa's role in the offense is not clearly erroneous.

The district court's judgment is AFFIRMED.