IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 00-20506

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FAUSTO DOZAL LOPEZ,

Defendant-Appellant.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
————————————————————
August 29, 2001

Before HIGGINBOTHAM and BENAVIDES, Circuit Judges, and DUPLANTIER,[*]
District Judge.

BENAVIDES, Circuit Judge:

Fausto Dozal Lopez (Lopez) pleaded guilty to various drug trafficking and money laundering offenses. He now appeals his sentence, arguing that the district court erred in concluding that the "safety valve" provisions in the sentencing guidelines prohibited a sentence below the statutory minimum. *See* U.S.S.G. §§ 5C1.2 and 2D1.1(b)(6). Because the safety valve guideline expressly allows a sentence "without regard to any statutory minimum," we VACATE and REMAND Lopez's sentence for further proceedings.

———————————————

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

I.    BACKGROUND

A grand jury charged Lopez, along with several codefendants, in a six-count superseding indictment with the following offenses: conspiracy to possess with intent to distribute cocaine; possession with intent to distribute cocaine; two counts of money laundering; and conspiracy to commit money laundering. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 and 18 U.S.C. § 1956(a)(1)(A), (a)(1)(A)(I). He pleaded guilty as charged.

Prior to his rearraignment, Lopez filed an unopposed motion to waive the preparation of a presentence report. In his motion, Lopez provided that he had no criminal history and established a guideline offense level of 38, based on the possession of 267 kilograms of cocaine. *See* U.S.S.G. § 2D1.1(a)(3). Lopez and the government agreed that he should receive a two-level reduction pursuant to the "safety valve" provisions in §§ 2D1.1(b)(6) and 5C1.2 and a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(b). However, the government took no position with respect to whether Lopez should receive a two-level reduction for a minor role in the offense under § 3B1.2(b). Nor did the government take any position with respect to whether Lopez qualified for any downward departures based on, among other things, his extraordinary family responsibilities and serious coercion or duress. *See* §§ 5K2.0 and 5K2.12. Based on the above calculations, the parties agreed that the total offense level was either 31 (with minor role reduction) or 33 (without minor role reduction)

2

prior to any possible downward departure. With a criminal history category of I, an offense level of 31 corresponds to a guideline range of 108 to 135 months, and an offense level of 33 corresponds to a guideline range of 135 to 168 months. The statutory minimum sentence is 120 months. *See* 21 U.S.C. § 841 (b)(1)(A)(ii).

At the conclusion of his motion to waive a presentence report, Lopez asserted that he "qualifie[d] pursuant to [§]5C1.2 for a sentence below the mandatory minimum." The government did not object to this assertion.

At the rearraignment hearing, Lopez requested to be sentenced the same day. The district court concluded that it had sufficient information to sentence Lopez and therefore waived preparation of a presentence report. The district court agreed that Lopez did not have any criminal history points and that his base offense level should be 38. The court further determined that he met the criteria for the two-level safety valve reduction and was entitled to a three-level reduction for acceptance of responsibility. The court was not persuaded that Lopez was entitled to the reduction for a minor role in the offense. Thus, the court found that Lopez's total offense level was 33, which translated into a guideline range of 135 to 168 months. Further, the court found that Lopez was entitled to a downward departure to the statutory minimum sentence of 120 months based on, among other things, his extraordinary family responsibilities and serious coercion or duress. *See, e.g.,* §§ 5K2.0 and 5K2.12. Finally, the court stated that

it believed that the safety valve prevented it from departing below the statutory minimum sentence. Nonetheless, the court expressly stated that, but for that prohibition, it would have granted a downward departure to 108 months. Lopez now appeals his sentence.

II. ANALYSIS

The sole issue raised on appeal is whether the district court erroneously believed that the safety valve provisions prevented it from departing below the statutory minimum sentence. This Court reviews a district court's legal interpretation of the sentencing guidelines *de novo*. *United States v. Rodriguez,* 60 F.3d 193, 195 (5th Cir. 1995).[1]

Section 5C1.2 is known as the "safety valve" provision in the sentencing guidelines and is entitled "<u>Limitations on Applicability of Statutory Minimum Sentences in Certain Cases</u>," and it provides as follows:

> In the case of an offense under 21 U.S.C. § 841 . . . [and] § 846 . . ., the court shall impose a sentence in accordance with the applicable guidelines *without regard to any statutory minimum sentence*, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5)

---

[1] As previously set forth, in a written motion to waive his presentence report, Lopez asserted that he "qualifie[d] pursuant to [§] 5C1.2 for a sentence below the mandatory minimum." Although Lopez did not object at the sentencing hearing to the district court's oral statement that the safety valve provision prohibited a sentence below the statutory minimum, raising it in his motion was sufficient to preserve the issue for appeal. *See United States v. Flanagan,* 87 F.3d 121, 124 (5th Cir. 1996) (explaining that raising the issue in a sentencing memorandum without orally reiterating request during the sentencing hearing was sufficient to preserve the issue for appeal).

4

set forth verbatim below:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

(emphasis added).

Additionally, in § 2D1.1(b)(6), the guidelines provide that if a defendant meets these five requirements and the offense level is 26 or greater, the offense level is decreased by 2 levels.

It is undisputed that Lopez met the five requirements for the safety valve reduction and that the court properly gave him the two-

5

level reduction.  The point of contention is whether the district court erred in believing that it did not have the authority to sentence Lopez to 108 months, which is below the statutory minimum sentence and at the bottom of his applicable guideline range after the adjustments and downward departure.

As indicated, during the sentencing hearing the district court stated:

> I am aware of the vagaries of the safety valve which prevent me from departing below the statutory minimum of ten years.  We have in different contexts discussed the fact that this guideline range is driven by the fact that there was more than 150 kilograms of cocaine.  That's true.  There was substantially more than 150 kilograms and I do not feel that the vagaries of that safety valve problem are ones that you can correct through a minor role adjustment.  It is just too artificial.
>
> Having said that, I will also say that I am persuaded that a downward departure, to the extent permitted by law, is appropriate.
>
>     \*    \*    \*
>
> To the extent that the safety valve does not permit me to go below the statutory minimum, so be it, but I think that the safety valve has not operated in this context to its full extent because of the vagaries of this charge and scoring under the guidelines.
>
>     \*    \*    \*
>
> Having said all of that, I am going to downward depart to the statutory minimum of ten years which puts us -- I will be departing downward from a level 33 to a level 31 for the reasons stated.  In the unlikely event that there is an appeal, I will say that I would have sentenced the defendant at the 108[-month] level based on these downward departure factors if I

6

were permitted to do so by law.  And should the law change in the safety valve, I would be willing to reconsider the sentence in that context.

As the record makes perfectly clear, the district court believed the safety valve prohibited it from sentencing Lopez to 108 months.  The district court was mistaken in such belief.

The government concedes that the safety valve authorizes the district court to impose a sentence below the statutory minimum "in certain cases."  The government argues that a sentencing court may not impose a sentence without regard to the statutory minimum sentence under the authority of § 5K2.0 when the applicable imprisonment range following an adjustment based on the safety valve remains above the statutory minimum sentence.  While recognizing that it is not controlling, the government relies on *United States v. Solis,* 169 F.2d 224 (5th Cir. 1999), as support for its position.

In *Solis,* the sentencing court granted the defendant a five-level reduction under the safety valve, primarily for substantial assistance the defendant had given to the government.  169 F.3d at 226.  This Court determined that the district court erred in giving such a departure and that it could not, absent a government motion, give a reduction for substantial assistance under § 5K1.1.[2]  *Id.* at 226-27.  We further concluded that § 5K2.0 does not afford a district court "any additional

---

[2]    Section 5K1.1 is entitled "Substantial Assistance to Authorities" and provides, in part, that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

7

authority to consider substantial assistance departures without a Government motion."  *Id.*

*Solis* is inapposite because here the government is not challenging the reductions Lopez received.  Instead, the government is arguing that the district court could not sentence Lopez below the statutory minimum sentence because the district court first applied the safety valve reduction and subsequently applied the reduction under § 5K2.0. Essentially, the government contends that the district court did not err because the last reduction given to Lopez was pursuant to § 5K2.0, which, in and of itself, does not allow a sentence below the statutory minimum.  *See United States v. Duncan,* 242 F.3d 940, 949 (10th Cir. 2001) (explaining that a district court "lacks the authority to lower a mandatory minimum sentence via section 5K2.0 of the Guidelines").

We are not persuaded that the order in which a reduction is applied affects the safety valve's exemption from the statutory minimum.  The safety valve guideline provides that "the court shall impose a sentence in accordance with the applicable guidelines *without regard to any statutory minimum sentence*, if the court finds that the defendant meets the criteria . . . ."  (emphasis added).  The guidelines do not state that the statutory minimum sentence re-enters the calculation after the two-level reduction under the safety valve provisions has been granted. Indeed, the commentary to § 5C1.2 indicates otherwise. Specifically, the commentary provides that "[a] *defendant* who meets the criteria under this section is *exempt* from any otherwise applicable statutory minimum

sentence of imprisonment and statutory minimum term of supervised release." § 5C1.2, comment. (n.9) (emphasis added). This commentary indicates that the defendant's entire sentence is exempt from the statutory minimum sentence, not just that the application of the two-level reduction is exempt from the statutory minimum.

Accordingly, we find that the district court erred in believing that it was without the authority to sentence Lopez below the statutory minimum sentence of 120 months. "Although we lack jurisdiction to review a defendant's challenge to his sentence based on mere dissatisfaction with the court's refusal to grant a downward departure, we may do so if the court's refusal was the result of a violation of law." *United States v. Flanagan,* 87 F.3d 121, 125 (5th Cir. 1995). In *Flanagan,* the defendant, in a sentencing memorandum, requested a reduction under § 5C1.2. During the sentencing hearing, the district court expressly stated that, although it might be inclined to do so, the court could not grant a downward departure below the statutory minimum sentence because it was "bound by the law." *Id.* On appeal, we explained that refusing to depart is in violation of law only if the court mistakenly believed that it lacked the authority to depart. *Id.* Here, the court expressly stated that it would have sentenced Lopez below the statutory minimum sentence if permitted to do so by law.[3] The

---

[3]   We commend the district court for providing a clear explanation of its reasoning and its intent with respect to its sentencing decision. The clarity of its decision greatly assisted this Court in the resolution of the issue before us.

court's mistaken belief constitutes a violation of law under our precedent. Therefore, we vacate Lopez's sentence and remand for resentencing.

For the above reasons, the sentence is VACATED, and the case is REMANDED for re-sentencing.

VACATED and REMANDED.