**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30273
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN WADE DAVIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CR-20045-3
--------------------

Before    DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jonathan Wade Davis appeals his sentence following a guilty plea to possession with intent to distribute approximately 28 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Relying primarily on Blakely v. Washington, 124 S. Ct. 2531 (2004), Davis argues that the district court erroneously sentenced him based on its determination that he was responsible for 2.4948 kilograms of methamphetamine when he stipulated only to 28 grams as charged in the bill of information. Davis's Blakely argument is foreclosed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circuit precedent.  See United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004)(No. 03-30437).

Davis also argues that the district court erred by not sentencing him below the statutory minimum.  The Government, which had filed a motion for downward departure under U.S.S.G. § 5K1.1 prior to sentencing, concedes that the district court erroneously concluded that it could not sentence Davis below the statutory minimum.  Our review of the record shows that the district court did err as a matter of law in its belief that the sentence could not be lower than the statutory minimum.  See United States v. Lopez, 264 F.3d 527, 531-32 (5th Cir. 2001).  Because it is not apparent whether the district court would have imposed the same sentence absent the error, the case must be remanded for resentencing.  See United States v. Tello, 9 F.3d 1119, 1131 (5th Cir. 1993).

AFFIRMED in part, VACATED in part, and REMANDED.