# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-20188
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN ANGEL LOPEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-446-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Angel Lopez pleaded guilty to one count of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana and one count of aiding and abetting possession with intent to distribute 1000 kilograms or more of marijuana. Lopez's presentence report (PSR) noted that Lopez did not appear to qualify for a reduction under U.S.S.G. § 5C1.2, the guidelines safety valve provision, because he had not been debriefed. Lopez objected to this paragraph of the PSR and requested the opportunity to be debriefed. At sentencing, Lopez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserted that he was debriefed. The Government stated that the debriefing had not been truthful. Lopez acknowledged the Government's position. Lopez did not request a hearing on the matter or dispute the finding that he had not been truthful. The district court overruled all objections to the PSR and sentenced Lopez to 120 months of imprisonment, five years of supervised release, and a $100 special assessment.

Lopez argues that the district court erred by failing to hold an evidentiary hearing into the truthfulness of the information provided to the Government by Lopez. Lopez's failure to request a hearing or object to the district court's factual finding without a hearing limits appellate review to the plain-error standard. See United States v. Ochoa-Cruz, 442 F.3d 865, 866-67 (5th Cir. 2006). As Lopez was given the opportunity to review and object to the PSR he has not shown error, plain or otherwise.

Lopez argues that the district court erred in determining that he did not qualify for the safety valve adjustment because his debriefing had not been truthful. After United States v. Booker, 543 U.S. 220 (2005), this court continues to apply the pre-Booker clearly erroneous standard of review to a district court's factual findings pertaining to sentencing adjustments such as the safety valve. See United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005); see also United States v. Miller, 179 F.3d 961, 963-64 (5th Cir. 1999).

Pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), a defendant who provides information to the Government may escape the imposition of a statutory minimum sentence if the district court finds that he meets five criteria. United States v. Lopez, 264 F.3d 527, 529-30 (5th Cir. 2001); see also U.S.S.G. § 2D1.1(b)(11) (providing two-level reduction offense level if defendant meets five criteria set forth in § 5C1.2). The fifth criterion, the only one at issue here, requires that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5); see also § 3553(f)(5). The defendant has the burden of showing

eligibility for the safety-valve reduction, including the burden of showing that he truthfully provided the Government with all relevant information. United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996).

In this case, the Government asserted that Lopez had not been truthful during debriefing. Lopez did not dispute this assertion at sentencing or attempt to present any contrary evidence to carry his burden of proving that he had provided true information. On appeal, Lopez does not assert unequivocally that he had been truthful and has failed to cite any evidence that he could present to show that he had told the truth when debriefed. Lopez has not shown that the district court was clearly erroneous in its factual finding that he was not eligible for the relief under the safety valve provisions of the Sentencing Guidelines. Lopez's sentence is AFFIRMED.