# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-40463
Conference Calendar

UNITED STATES OF AMERICA

                                    Plaintiff-Appellee

v.

ERIKA BOCANEGRA

                                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1050-1

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Erika Bocanegra appeals her sentence following a guilty plea to possession with intent to distribute more than fifty kilograms of marijuana. Bocanegra challenges the district court's determination that she was not entitled to a sentence reduction pursuant to U.S.S.G. § 5C1.2 because she did not truthfully provide the Government all relevant information concerning her offense. We review the district court's factual findings concerning a defendant's eligibility for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a sentence under the § 5C1.2 safety valve for clear error. See United States v. Miller, 179 F.3d 961, 963-64 (5th Cir. 1999).

A defendant convicted of an offense involving drugs is eligible for a two-level reduction in offense level if she meets the five criteria necessary to qualify for a sentence under the § 5C1.2 safety valve provision. U.S.S.G. § 2D1.1(b)(9); United States v. Lopez, 264 F.3d 527, 529-30 (5th Cir. 2001). The fifth criterion, the only one at issue here, requires that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5); see also 18 U.S.C. § 3553(f)(5). The defendant has the burden of showing that she truthfully provided the Government with all relevant information. United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996).

In this case, the district court made an "independent determination" that Bocanegra had not provided truthful information that qualified her for a sentence reduction under § 5C1.2. See United States v. McCrimmon, 443 F.3d 454, 457-58 (5th Cir. 2006). That determination is not clearly erroneous in light of the implausibility of Bocanegra's explanation how she became involved in the conspiracy and her description of her encounters with the person who recruited her to transport drugs. See Miller, 179 F.3d at 963-64.

AFFIRMED.