IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-51485
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DERRICK BUSH, also known as Craig

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-42-5

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Derrick Bush, also known as Craig, was convicted by a jury of conspiracy to possess with intent to distribute five or more kilograms of cocaine and 1,000 kilograms of marijuana. The district court denied Bush's request for a safety valve adjustment pursuant to U.S.S.G. § 5C1.2, but sentenced him to a bottom-of-the-guidelines sentence of 151 months of imprisonment.

Bush argues that the evidence presented at trial was insufficient to support his conspiracy conviction. Bush also argues that his sentence is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

excessive because the district court failed to grant his request for a safety valve adjustment and because he should have been charged with no more than 10 kilograms of cocaine.

Because Bush moved for a judgment of acquittal at the close of the evidence, we will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence, both direct and circumstantial, is viewed in the light most favorable to the jury's verdict. See United States v. Resio-Trejo, 45 F.3d 907, 910, 911 (5th Cir. 1995). "All credibility determinations and reasonable inferences are to be resolved in favor of the verdict." Id.

To establish that Bush was involved in a drug conspiracy, the Government was required to prove beyond a reasonable doubt that there was "an agreement between two or more persons to violate the narcotics laws," that Bush "knew of the conspiracy and intended to join it," and that Bush voluntarily participated in the conspiracy. United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000). The elements of the conspiracy may be established by circumstantial evidence, and "[a]n agreement may be inferred from a concert of action." See United States v. Fuchs, 467 F.3d 889, 904 (5th Cir. 2006).

We conclude that the evidence, when viewed in the light most favorable to the jury's verdict, supports the finding that Bush knowingly participated in an agreement, which can reasonably be inferred from the "concert of action" in this case, to distribute drugs. Accordingly, the jury could have concluded that the elements of the offense were established beyond a reasonable doubt.

Although Bush appears to challenge the district court's denial of his motion to suppress, he does not address the district court's findings or its reasons for denying his motion to suppress, nor does he refer to any evidence adduced at the suppression hearing. Accordingly, he has failed to adequately

brief this issue and it is deemed waived. See United States v. Flores, 63 F.3d 1342, 1374 n.36.

A defendant who provides information to the Government may escape the imposition of a statutory minimum sentence if the district court finds that he meets the criteria set forth in § 5C1.2. United States v. Lopez, 264 F.3d 527, 529-30 (5th Cir. 2001). The fifth criterion, the only one at issue here, requires that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5); § 3553(f)(5). The defendant has the burden of establishing his eligibility for the safety valve reduction, including showing that he truthfully provided the Government with all relevant information. United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996). A sentencing court's factual findings pertaining to a § 5C1.2 reduction are reviewed for clear error. United States v. Treft, 447 F.3d 421, 426 (5th Cir.), cert. denied, 127 S. Ct. 555 (2006).

Bush's conclusory assertion that he is entitled to the safety valve reduction is insufficient to establish that he provided the Government with truthful information. He has failed to demonstrate that the district court clearly erred in denying him the safety valve reduction.

Finally, Bush's assertion that his base offense level should have been based on 10 kilograms of cocaine, not 30 kilograms, is unavailing and unsupported by the record. Brian Hereford testified that he provided 800 pounds of marijuana and 30 kilograms of cocaine to Ruben Ramirez, who was procuring cocaine for Bush. Further, two women were arrested with 14.95 kilograms of cocaine that they were going to deliver to Bush. Another woman also made drug deliveries to Bush, including a delivery for which Bush paid more than $17,000. Because the court's finding that the conspiracy involved 30 kilograms of cocaine is plausible in light of the record as a whole, the district

court's finding was not clearly erroneous.  See Burton v. United States, 237 F.3d 490, 500 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.