**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 25, 2009

Charles R. Fulbruge III
Clerk

No. 06-50503
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HECTOR RAMON GONZALEZ-CANDELARIO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-616-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hector Ramon Gonzalez-Candelario pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). At sentencing, Gonzalez-Candelario claimed that he was entitled to a two-level reduction in his offense level because he met the safety valve criterion in U.S.S.G. § 5C1.2(a). The district court denied him the two-level reduction and sentenced him 135 months in prison. Gonzalez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Candelario now appeals, arguing that the district court misapplied the safety valve standard and that his trial counsel rendered ineffective assistance.

*Safety Valve*

We review the district court's findings of fact pertaining to a safety valve reduction for clear error and the district court's legal interpretation of the safety valve standard de novo. *See United States v. Villanueva*, 408 F.3d 193, 203 n.9 (5th Cir. 2005); *see also United States v. Miller*, 179 F.3d 961, 963-64 (5th Cir. 1999). "Under the clearly erroneous standard, '[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996)(citation omitted).

Pursuant to U.S.S.G. § 2D1.1(b)(7)[1], Gonzalez-Candelario would have received a two-level reduction in his offense level if he satisfied the safety-valve criteria under § 5C1.2(a), which states that a defendant who provides information to the Government may escape the imposition of a statutory minimum sentence if the district court finds that he meets five criteria. *United States v. Lopez*, 264 F.3d 527, 529-30 (5th Cir.2001); *see also* § 3553(f). The fifth criterion, the only one at issue here, requires that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5); *see also* § 3553(f)(5). The defendant has the burden of establishing eligibility for the safety valve reduction, including showing that he truthfully provided the Government with all relevant information. *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). Consistent with § 5C1.2's directive that the safety valve is applicable if "the court finds that the defendant meets the criteria," a district court is required to

---

[1] Gonzalez was sentenced pursuant to the 2005 edition of the Sentencing Guidelines. PSR ¶ 26. In the 2005 edition, § 2D1.1(b)(7) read as follows: "If the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of 5C1.2 . . . decrease by 2 levels."

make an independent determination whether the criteria have been met. *United States v. McCrimmon*, 443 F.3d 454, 457-58 (5th Cir. 2006).

The record reflects that the parties, during sentencing, presented their respective arguments regarding whether Gonzalez-Candelario was entitled to the safety valve reduction. The Government informed the district court that Gonzalez-Candelario disputed the amount of cocaine that was attributed to him, that Gonzalez-Candelario refused to debrief, and that Gonzalez-Candelario's written statement was insufficient to qualify him for the safety valve departure. Gonzalez-Candelario countered that his first trial attorney had been ineffective at explaining what would be expected of Gonzalez-Candelario during the debriefing. When Gonzalez-Candelario offered to testify regarding his ineffective assistance claim, the court denied his request, stating "I don't believe him anyway." The district court thereafter denied Gonzalez-Candelario's request for the safety valve reduction. The district court's implicit factual finding that Gonzalez-Candelario was not entitled to the safety valve reduction is not clearly erroneous. *See Davis*, 76 F.3d at 84.

*Ineffective Assistance of Counsel*

Gonzalez-Candelario also argues that the district court abused its discretion when it refused to permit him to introduce evidence at sentencing regarding his ineffective assistance claim in relation to the safety valve issue. He also argues that his counsel rendered ineffective assistance.

This court generally does not resolve claims of ineffective assistance of counsel on direct appeal because the record is rarely sufficiently developed. *United States v. Haese*, 162 F.3d 359, 363 (5th Cir. 1998). "Unless the district court has developed a record on the defendant's allegations, [this court] cannot fairly evaluate the merits of the claim." *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991); *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987). Gonzalez-Candelario's argument is not reviewable on direct appeal in this case because the record is not sufficiently developed on the issue. We

decline to address this claim of ineffective assistance on direct appeal without prejudice to Gonzalez-Candelario's right to bring it in a 28 U.S.C. § 2255 proceeding. *See United States v. Gulley*, 526 F.3d 809, 821 (5th Cir.), *cert. denied*, 129 S. Ct. 159 (2008).

AFFIRMED.