**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

Charles R. Fulbruge III
Clerk

No. 07-31025
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KIZZIE LAKIA HARDMAN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20044-3

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:

Kizzie Lakia Hardman appeals her jury conviction for conspiracy to possess with intent to distribute over 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). Hardman argues that evidence was insufficient to support her conviction. Because Hardman preserved her sufficiency argument, we review to determine if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

To establish a drug conspiracy under § 846, the Government must prove that (1) two or more persons agreed to violate federal narcotics laws, (2) the

defendant had knowledge of the conspiracy, and (3) the defendant voluntarily participated in the conspiracy. *United States v. Gonzales*, 79 F.3d 413, 423 (5th Cir. 1996). Proof of the mere presence of the defendant at a scene of criminal activity and his association with the other defendants is insufficient to support a criminal conviction. *United States v. Paul*, 142 F.3d 836, 840 (5th Cir. 1998). However, a jury may find knowledgeable, voluntary participation from a defendant's presence when the presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present. *Id.*

Our review of the record reveals ample evidence that a conspiracy existed and that Hardman had knowledge of the conspiracy. The record also contains evidence that Hardman voluntarily participated in the conspiracy. Thelma Woodard testified that Hardman told her that she had been selling drugs with one of the coconspirators, Eddie Sutton, for six years. Hardman also told Woodard that she and Sutton were trying to make an additional $100,000 before they stopped selling drugs. Hardman challenges the credibility of Woodard's testimony. This court's review is concerned only with the sufficiency, not the weight, of the evidence. The credibility of a witness and the weight of the evidence is the exclusive province of the jury. *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993). Accordingly, our review of the record confirms that the evidence was sufficient to convict Hardman. *See Jackson,* 443 U.S. at 319.

Hardman also argues that the district court erred in denying the safety valve reduction. After *United States v. Booker*, 543 U.S. 220 (2005), this court continues to review the district court's findings of fact pertaining to a safety valve reduction for clear error and the district court's legal interpretation of the safety valve standard de novo. *See United States v. Villanueva*, 408 F.3d 193, 203 n.9 (5th Cir. 2005); *see also United States v. Miller*, 179 F.3d 961, 963-64 (5th Cir. 1999). "Under the clearly erroneous standard, '[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety the court of appeals may not reverse it even though convinced that had it been

sitting as the trier of fact, it would have weighed the evidence differently.'" *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996) (citation omitted).

Pursuant to the safety valve provision of § 5C1.2, a defendant who provides information to the Government may escape the imposition of a statutory minimum sentence if he meets five criteria. *United States v. Lopez*, 264 F.3d 527, 529-30 (5th Cir. 2001). The fifth criterion, the only one at issue here, requires that the defendant truthfully provide to the Government all information and evidence the defendant has concerning the offense. § 5C1.2(a)(5); *see also* 18 U.S.C. § 3553(f)(5). The defendant has the burden of establishing eligibility for the safety valve reduction, including showing that he truthfully provided the Government with all relevant information. *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

In this case, the district court made an "independent determination" that Hardman was not eligible for a reduction under § 5C1.2 because she had not provided truthful information. *United States v. McCrimmon*, 443 F.3d 454, 457-58 (5th Cir. 2006). The district court's finding is plausible in light of Hardman's statements in her post-examination interview. *See Davis*, 76 F.3d at 84. Accordingly, the judgment of the district court is AFFIRMED.