# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-41245
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-191-ALL

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roberto Sanchez appeals the sentence imposed following his conviction for possession with the intent to distribute 815.26 kilograms of marijuana. Sanchez argues that the district court erred in denying his request for a safety valve adjustment as set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). He contends that he truthfully debriefed and provided all relevant information to the Government. He further contends that his sentence was six and one-half years

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

longer than the statutory minimum sentence because of the denial of a safety valve adjustment. Sanchez argues that the district court had no basis for finding that he did not truthfully debrief.

We review for clear error a district court's decision to apply the safety valve provision. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). "Under the clearly erroneous standard, [i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996) (internal quotation marks and citation omitted).

Pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), a defendant who provides information to the Government may escape the imposition of a statutory minimum sentence if the district court finds that he meets five criteria. *United States v. Lopez*, 264 F.3d 527, 529-30 (5th Cir. 2001). The fifth criterion, the only one at issue here, requires that by the time of sentencing "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5); *see also* § 3553(f)(5). The defendant has the burden of showing eligibility for the safety valve reduction, including the burden of showing that she truthfully provided the Government with all relevant information. *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

Sanchez made statements at sentencing that contradicted statements made at the time of his arrest and also contradicted information obtained by the Government. *See United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995). Therefore, Sanchez has not shown clear error with respect to the district court's denial of his request for a safety valve reduction. *See id.*; *McCrimmon*, 443 F.3d at 457-58.

Sanchez also argues that the district court failed to provide reasons for denying a reduction under the safety valve provision. However, because Sanchez failed to object in the district court, our review is limited to plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 1423, 1429 (2009). Sanchez cannot show plain error because there is no indication that his sentence would have been different if the district court had provided reasons for the denial of a safety valve reduction. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir.), *petition for cert. filed* (June 24, 2009) (No. 08-11099).

The judgment of the district court is AFFIRMED.