**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-11189
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO MENDOZA-GARCIA, also known as Panchito,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-322-6

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Mendoza-Garcia (Mendoza) appeals the sentence imposed following his conviction for conspiracy to distribute and to possess with the intent to distribute more than 50 grams of methamphetamine. Mendoza argues that the district court erred in denying his request for a safety valve adjustment as set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). He contends that he debriefed truthfully and provided all relevant information to the Government.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mendoza argues that the district court relied on the Government's mere speculation that he had not cooperated fully.

We review for clear error a district court's decision to apply the safety valve provision. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). "Under the clearly erroneous standard, [i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996) (internal quotation marks and citation omitted).

Pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), a defendant who provides information to the Government may escape the imposition of a statutory minimum sentence if the district court finds that he meets five criteria. *United States v. Lopez*, 264 F.3d 527, 529-30 (5th Cir. 2001). The fifth criterion, the only one at issue here, requires that by the time of sentencing "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5); *see also* § 3553(f)(5). The defendant has the burden of showing eligibility for the safety valve reduction, including the burden of showing that he truthfully provided the Government with all relevant information. *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

At Mendoza's sentencing hearing, the DEA agent assigned to his case testified regarding the information that Mendoza possessed, but failed to divulge, including the identities of all of his drug suppliers and the identities of men with whom he met at the home of one of the other conspirators. The agent further testified that he was not relying on speculation regarding the information that Mendoza had failed to provide, but on 60 days worth of taped conversations, surveillance, and the fact that Mendoza, as a mid-level supplier in the conspiracy, would be in a position to reveal more information about his

2

sources. Defense counsel did not call any witnesses at the sentencing hearing. Based on this testimony, the district court denied application of the safety valve. A district court's refusal to apply § 5C1.2 is a factual finding reviewed for clear error. *United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995). We perceive no such error here.

Mendoza also argues that the district court failed to provide sufficient reasons for denying a reduction under the safety valve provision. However, because Mendoza failed to object in the district court, our review is limited to plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). After hearing testimony from a DEA agent, the district court stated that Mendoza failed to debrief fully. Under these facts, we conclude that the district court did not plainly err in stating its reasons.

The judgment of the district court is AFFIRMED.