# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 5, 2010

Lyle W. Cayce
Clerk

No. 09-51116
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL SIFUENTES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-1027-3

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Manuel Sifuentes pleaded guilty to possessing and conspiring to possess with intent to distribute 100 kilograms or more of marijuana. He appeals his 60-month statutory minimum sentence, arguing that the district court should have imposed a shorter sentence under the safety-valve sentencing guideline, U.S.S.G. § 5C1.2. *See* 18 U.S.C. § 3553(f); *United States v. Lopez*, 264 F.3d 527, 529-30 (5th Cir. 2001). We will uphold the sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's determination as long as it is not clearly erroneous. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006).

A defendant seeking relief under the safety valve must show, among other things, that he has truthfully provided the government with all information and evidence related to the offense. § 3553(f)(5); § 5C1.2(a)(5); *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). Sifuentes takes issue with the district court's decision to adopt the finding in the amended Presentence Report (PSR) that he did not truthfully provide all of the required information. He suggests that this finding had no factual basis and asserts that the government and the district court should have inquired into whether the probation officer who prepared the PSR verified the statement with the case agent who debriefed Sifuentes. He also argues that the district court improperly adopted the PSR's conclusion on this point based solely on its view that he had failed to tell the truth to authorities immediately after his arrest.

The court's determination that Sifuentes did not truthfully debrief is plausible in light of the entire record. *See United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999). The probation officer explained in the addendum to the PSR that he had contacted the case agent and that the case agent had verified that Sifuentes debriefed but concluded that his debriefing had been untruthful. Sifuentes did not come forward with any evidence that would support a conclusion that the finding in the PSR was incorrect. Because Sifuentes failed to rebut the PSR's findings, the district court was entitled to adopt them. *See United States v. Smith*, 528 F.3d 423, 425 (5th Cir. 2008). The denial of the safety-valve adjustment was not clearly erroneous. *See Powers*, 168 F.3d at 753.

AFFIRMED.