# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2010

Lyle W. Cayce
Clerk

No. 10-50292
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGELITA MICHELLE RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-176-2

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Angelita Michelle Ramirez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. She appeals the 36-month sentence, arguing that the district court should have imposed a shorter sentence under the safety-valve sentencing guideline, U.S.S.G. § 5C1.2. *See* 18 U.S.C. § 3553(f); *United States v. Lopez*, 264 F.3d 527, 529-30 (5th Cir. 2001). We will uphold the court's

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50292

decision as long as it is not clearly erroneous. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006).

A defendant seeking relief under the safety valve must show, among other things, that she has truthfully provided the Government with all information and evidence related to the offense. § 3553(f)(5); § 5C1.2(a)(5); *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). The case agent testified at sentencing regarding specific information that Ramirez could have provided but did not. The court's determination that Ramirez did not completely debrief is therefore plausible in light of the entire record. *See United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999). The denial of the safety-valve adjustment was not clearly erroneous. *See Powers*, 168 F.3d at 753.

AFFIRMED.