# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2011

Lyle W. Cayce
Clerk

No. 11-50031
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VIRGINIA LEE MILLER, also known as Virginia Frye Miller,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-46-4

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Virginia Lee Miller appeals the sentence imposed following her guilty plea conviction of conspiracy to distribute more than 500 grams of methamphetamine (Count 1), distribution of methamphetamine and aiding and abetting (Count 2), and distributing methamphetamine from a premises where a minor was present or residing and aiding and abetting (Count 3). The district court sentenced Miller to the statutory minimum sentence of 120 months of imprisonment on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Count 1 and to 78 months of imprisonment on Count 2 and on Count 3, with all sentences to run concurrently.

In two assignments of error, Miller challenges the district court's rulings denying her credit for acceptance of responsibility under U.S.S.G. § 3E1.1 and declining to apply the safety valve provision of U.S.S.G. § 5C1.2 based on the finding that she did not fully and truthfully admit her conduct in the underlying offense. She argues that the finding is clearly erroneous because she admitted all of her offense conduct. She maintains that her denial of knowing about the existence of a working methamphetamine lab in her shed was entirely plausible and should not be the basis for denying her acceptance of responsibility or precluding the application of the safety valve.

Under the discretionary sentencing system established by *United States v. Booker,* 543 U.S. 220 (2005), district courts retain a duty to consider the Sentencing Guidelines, along with the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). This court reviews the sentence imposed for reasonableness in light of the factors set forth in § 3553(a). *Id.* at 519. In *Gall v. United States*, 552 U.S. 38, 51 (2007), the Supreme Court established a bifurcated process for conducting a reasonableness review. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Pursuant to *Gall*, this court must determine whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." 552 U.S. at 51. If the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." *Id.*

I.    *Procedural Error*

A.  *Acceptance of responsibility*

Deferring to the district court's unique position to evaluate a defendant's acceptance of responsibility, this court examines the denial of a reduction for acceptance of responsibility "under a standard of review even more deferential than a pure clearly erroneous standard." *United States v. Outlaw*, 319 F.3d 701, 705 (5th Cir. 2003) (internal quotation marks and citation omitted).  This court "will affirm a sentencing court's decision not to award a reduction under U.S.S.G. § 3E1.1 unless it is without foundation." *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002) (internal quotation marks and citation omitted).

B.  *Safety valve*

Pursuant to § 5C1.2 and 18 U.S.C. § 3553(f), a defendant who provides information to the Government may avoid the imposition of a statutory minimum sentence if the district court finds that he meets five criteria.  *United States v. Lopez*, 264 F.3d 527, 529-30 (5th Cir. 2001).  The fifth criterion, the only one at issue here, requires that by the time of sentencing "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." § 5C1.2(a)(5); *see also* § 3553(f)(5).  "[T]he defendant has the burden of ensuring that he has provided all the information and evidence regarding the offense to the Government.  This he must do no later than at the time of the sentencing hearing regardless whether the Government requests such information."  *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).

The district court's determination of whether the defendant has provided full disclosure is a factual finding reviewed for clear error.  *See Flanagan*, 80 F.3d at 145-46; *United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995).  "Under the clearly erroneous standard, [i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety the court of

appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996) (internal quotation marks and citation omitted).

In this case, the district court heard testimony at sentencing that the police had a recording made during a controlled methamphetamine buy wherein Miller told the buyer that the proceeds from the sale were going to be used to fund an ongoing methamphetamine cook. Later that same day, police located an active methamphetamine lab in her shed. Nevertheless, Miller consistently maintained that she did not know about the lab. Given the testimony, the district court's determination that Miller did not fully and truthfully admit all of her conduct in the offense is not without foundation and is plausible. *See Solis*, 299 F.3d at 458; *Davis*, 76 F.3d at 84. Accordingly, the district court's finding is affirmed.

## II.    *Clerical Error*

Finally, the judgment reflects that Miller was convicted in Count 3 of violating, inter alia, 21 U.S.C. § 860(a). However, Miller was charged with, and pleaded guilty to, violating 21 U.S.C. § 860a. Accordingly, we instruct the district court on remand to correct the judgment to reflect that Miller was convicted of § 860a, rather than § 860(a). *See* FED. R. CRIM. P. 36.

AFFIRMED; REMANDED with instructions.