# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60516
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

RONALD JOSEPH LATIOLAIS, III,

*Defendant—Appellee/Cross-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:20-CR-4-1

---

Before WILLETT, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Following a jury trial, Ronald Joseph Latiolais, III, was convicted of transporting a minor in interstate commerce with the intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a). The district court sentenced him to 60 months of imprisonment and five years of supervised release. The Government appeals, arguing that the district court erred by sentencing Latiolais below the 120-month statutory minimum. On cross-

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-60516

appeal, Latiolais argues that the district court's decision to preclude evidence of his purported mistake regarding the victim's age deprived him of a fair trial. For the reasons explained below, we affirm the conviction but vacate the sentence and remand for further proceedings.

I

We first address Latiolais's argument that the district court deprived him of a fair trial by not allowing him to present evidence that he made a mistake regarding the victim's age. We review the district court's evidentiary rulings for abuse of discretion, but we also review for harmless error. *United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007).[1] "[A]ny error made in excluding evidence is subject to the harmless error doctrine and does not necessitate reversal unless it affected the defendant's substantial rights." *United States v. Johnson*, 880 F.3d 226, 231 (5th Cir. 2018) (alteration in original). In making that assessment, we consider all the evidence in the case and whether the improperly excluded evidence, if admitted, would have had "a substantial impact on the jury's verdict." *United States v. Okulaja*, 21 F.4th 338, 346 (5th Cir. 2021) (internal quotations omitted). Having considered the evidence and the course of proceedings from the record, we conclude that the error Latiolais complains of, if error at all, was harmless for at least two reasons.

First, despite Latiolais's mistake-of-age defense, there was ample and uncontroverted evidence at trial that Latiolais knew the victim was underage. For example, just moments before Latiolais first met with the 13-year-old victim in person, she said, "I'm 17. I'm sorry. I really liked you, but I'm underage," to which he responded, "Come back and talk." The victim also suggested to Latiolais that if she left with him, it would "seem[] like

---

[1] We can raise the harmless-error defense *sua sponte*. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).

kidnapping." To that end, the victim exhorted Latiolais to run away: "You need to run, Ron." After hearing that evidence, along with testimony about Latiolais helping the victim climb out of the window of her parents' house, the jury heard a recording of Latiolais's interview with Mississippi police, during which he confessed that he "found out" that the victim was under 18 years old when he met her.

Second, despite the district court's ruling that no evidence could be presented about Latiolais's alleged mistake of the victim's age, there were multiple instances at trial of just that. For example, the victim herself testified that she told Latiolais she was 19, the jury read texts in which the victim told Latiolais she was 19, and an investigating agent testified that the victim entered 19 as her age for the adult online dating website where she first made contact with Latiolais. In addition to that evidence, Latiolais's counsel emphasized in closing argument that the victim had lied to Latiolais and that Latiolais had no bad intentions with her.

In short, given the evidence at trial, there is no reasonable possibility that the admission of additional evidence and argument regarding Latiolais's alleged mistake would have had an impact on the jury's verdict, let alone a substantial one. *See Okulaja*, 21 F.4th at 347; *see also United States v. Tuma*, 738 F.3d 681, 688 (5th Cir. 2013). We therefore conclude that, even if the district court erred in granting the Government's motion in limine, that error was harmless.

## II

We next address the Government's contention that the district court erred by sentencing Latiolais below the 120-month statutory minimum. *See* 18 U.S.C. § 2423(a) (providing that a person convicted under this section "shall be fined . . . and imprisoned not less than 10 years or for life"). We

No. 22-60516

review a district court's decision to depart from the statutory minimum de novo. *United States v. Phillips*, 382 F.3d 489, 497 (5th Cir. 2004).

According to the Government, the district court had no discretion to sentence Latiolais to 60 months because the Government did not file a motion under 18 U.S.C. § 3553(e) asserting that Latiolais had provided law enforcement with "substantial assistance" in the investigation of another person, and Latiolais does not otherwise meet the "safety valve" criteria under § 3553(f). Latiolais, on the other hand, argues that the district court properly exercised its discretion under § 3553(b)(2)(A)(ii) and considered "mitigating factors" in its decision to depart from the statutory minimum, including Latiolais's age, life inexperience, and good employment record.

We agree with the Government. As we held in *Phillips*, "USSG § 5K2.0, 'in and of itself,' does not permit the district court to depart below an applicable mandatory statutory minimum sentence." *Phillips*, 382 F.3d at 498 (quoting *United States v. Lopez*, 264 F.3d 527, 531 (5th Cir. 2001)). Thus, absent "the circumstances explicitly set forth in 18 U.S.C. § 3553(e) and § 3553(f)," the district court has no discretion to depart below the statutory minimum. *Id.* at 498–99. Latiolais does not argue that either of those "exclusive routes" for departure apply here, *id.* at 499, so we must conclude that the district court had no discretion to sentence him 60 months below the statutory minimum.

III

In sum, we hold that the district court's error regarding the Government's motion in limine (if error at all) was harmless but that the district court improperly departed from the 120-month statutory minimum. We accordingly AFFIRM Latiolais's conviction but VACATE his sentence and REMAND for further proceedings consistent with this opinion.